**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **HEARTLAND AUTOMOTIVE ENTERPRISES, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **5:07-CV-037-HL** |
| | : | |
| **UNITED STATES OF AMERICA by and through the COMMISSIONER OF INTERNAL REVENUE SERVICE,,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This a tax refund case in which the Plaintiff seeks a refund of $24,731.97 in penalties paid to the Internal Revenue Service for failure to electronically deposit certain taxes.  Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 20).[1]  For the foregoing reasons, the Defendant's Motion is granted.

---

[1] On June 4, 2008, Plaintiff filed a response to Defendant's Motion for Summary Judgment, styled as a Cross-Motion for Summary Judgment and In Opposition to Defendant's Motion for Summary Judgment (Doc. 29, 30).  Under this Court's Rules 16 and 26 Order, all dispositive motions were to be filed within 45 days of the close of discovery.  The last day of discovery was March 7, 2008 and, therefore, the filing deadline for dispositive motions was May 1, 2008. Therefore, because Plaintiff's "Cross-Motion" for summary judgment is untimely, the Court strikes Plaintiff's Reply to Defendant's Response to Plaintiff's Cross-Motion for Summary Judgment (Doc. 37).

1

## I.    BACKGROUND

The material facts of this case are not in dispute: Heartland Automotive Enterprises ("Heartland") operated a car dealership in Warner Robins, Georgia from 1997 to 2003.  From the period of June 30, 2000 through March 21, 2001, Heartland made a timely and full deposit of its federal employment, unemployment, and excise taxes, but failed to do so electronically through the Electronic Federal Tax Payment System ("EFTPS"), as required by 26 U.S.C. § 6302(h).[2]  The IRS imposed failure-to-deposit penalties under 26 U.S.C. § 6656.[3]

There is no dispute that Heartland was required to utilize the EFTPS for the periods in questions.  Heartland contends, however, that under § 6656 the imposition of penalties should have been waived because non-compliance with the EFTPS was

---

[2]  Pursuant to the Current Tax Payment Act of 1943 employers were required to deposit certain federal taxes through federally authorized bank depositories, accompanied by a federal tax deposit coupon. In 1993, however, Congress directed the Secretary of the Treasury to prescribe regulations for the development and implementation of an electronic deposit system, known as EFTPS, to be used for the collection of depository taxes.  26 U.S.C. § 6302(h)(1). Consistent with this directive, the Secretary of Treasury promulgated regulations establishing when the electronic deposit system was required.  26 C.F.R. § 31.6302-1(h).  For calendar quarters beginning in 2000, the regulation provided that, if the aggregate deposits in a calender year exceeded $200,000, the employer was required to use the electronic deposit system for all tax periods after the calender year following the year in which the threshold was reached.  26 C.F.R. § 31.6302-1(h)(2)(ii).  According to those standards, Heartland was required to use the EFTPS in 2000 and 2001.

[3]  Of the penalties assessed, Heartland only made a payment for the tax period ending on March 31, 2001, which after interest totaled $24,731.97.

due to reasonable cause and not willful neglect.  Heartland subsequently filed a claim for refund and request for abatement of the assessed penalties with the IRS. Following receipt of notice from the IRS disallowing the claim, Heartland filed suit in this Court on January 30, 2007.  The IRS filed a counterclaim in the amount of $74,566.06, representing the uncollected penalties, plus interest, assessed pursuant to § 6656 (Doc. 10).[4]

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, (1986).  When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party.  Id. at 254-55.  The Court may not, however, make credibility determinations or weigh the evidence.  Id. at 255; *see also* Reeves v. Sanderson

---

[4] This amount also includes a failure-to-pay tax penalty, imposed on March 18, 2002, pursuant to 26 U.S.C. § 6651(a)(2), in the amount of $107.47, and interest in the amount of $81.57.

Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted).  If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law.  Id. at 324-26.  This evidence must consist of more than mere conclusory allegations.  See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B.    26 U.S.C. § 6656

The disposition of this case turns on whether Plaintiff's failure to comply with 26 U.S.C. § 6656(a) is due to reasonable cause and not willful neglect.  26 U.S.C. § 6656(a) provides:

> Underpayment of Deposits.–In the case of any failure by any
> person to deposit (as required by this title or by regulations of the

Secretary under this title) on the date prescribed therefor any amount of tax imposed by this title in such government depository as authorized under section 6302(c) to receive such deposit, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be imposed upon such person a penalty equal to the applicable percentage of the amount of the underpayment.

Section 6656 does not specifically state failure-to-deposit penalties shall be imposed on a taxpayer for failing to deposit tax payments electronically where the taxpayer otherwise pays the taxes on time and in the correct amount.  However, Treas. Reg. § 31.6302-1(h) requires that certain tax deposits be made electronically, as opposed to depositing them through a federally authorized depository bank. Applying cannon's of statutory interpretation, two district courts have read the parenthetical portion of § 6656 in conjunction with Treas. Reg. § 31.6302-1(h) to mandate a failure-to-deposit penalty whenever a taxpayer fails to deposit tax payments electronically, irrespective of whether the taxpayer complied with all other deposit requirements.  Fallu v. United States, No. 06 Civ. 13248 2008 WL 397912, *2 (S.D.N.Y. Feb. 13, 2008); F.E. Schumacher Co., Inc. v. U.S., 308 F. Supp. 2d 819, 826-30 (N.D. Ohio 2004); see also 13 Mertens Law of Fed. Income Tax'n § 47A:43.40 ("Absent reasonable cause, a taxpayer that is required to deposit federal taxes by [the EFTPS] is subject to the failure-to-deposit penalty imposed by Section 6656 if the taxpayer deposits the taxes by means other than [the EFTPS], or by [the

EFTPS] after the date on which the taxes are due.").  This Court need not decide whether it concurs with the above interpretation of § 6656, however.  In its brief, Heartland's arguments were all constructed on the assumption § 6656 that penalties are generally applicable to a taxpayer who, when required, does not utilize the EFTPS.  Therefore, because Heartland has not challenged the applicability of § 6656, the crux of the issue is whether its failure to abide by the Treasury Regulations was due to reasonable cause and not willful neglect.

Section 6656(a) expressly waives imposition of the penalties described therein where it is shown that non-compliance is due to reasonable cause and not willful neglect.  In discussing the same standard in the context of a penalty for failing to timely file a tax return under 26 U.S.C. § 6651, the Supreme Court, in United States v. Boyle, 469 U.S. 241, 245, 105 S. Ct. 687, 689 (1985), held that "[t]o escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'wilful neglect,' and (2) that the failure was 'due to reasonable cause.'"[5]

---

[5] The terms "reasonable cause" and "willful neglect" found in §§ 6651(a) and 6656(a) are construed consistently, and therefore, precedent discussing the former is applicable when analyzing the latter.  See Staff IT, Inc. v. U.S., 482 F.3d 792, 798 n.17 (5th Cir. 2007) ("The analysis in Boyle only concerned failure-to-file penalties under § 6651(a)(1) and not failure-to-pay or failure-to-deposit penalties under §§ 6651(a)(2) and 6656, respectively.  The language concerning the relevant standard is identical in all three provisions.  Thus, we find no reason to treat the language in § 6656(a)(1) differently from that in §§ 6651(a)(2) and 6656.") (internal citations omitted); see also Del Commercial Properties, Inc. v. C.I.R., 251 F.3d 210, 218 (D.C. Cir. 2001) ("Although the Boyle Court did not address the meaning of the terms 'reasonable cause' and 'willful neglect' as used in § 6656(a), the same terms used in the same statute for the same purpose

Wilful neglect is defined as a conscious, intentional failure or reckless indifference. Id. Reasonable cause requires the exercise of ordinary business care and prudence with regards to its decisions and/or methods. Id.

In support of reasonable cause, Heartland essentially advances three justifications for its failure to deposit tax payments electronically. First, Heartland argues reasonable cause is established because its comptroller had made previous tax deposits via coupon at a federally authorized bank depository with no objection from the IRS. Second, Heartland points to its reliance upon particular documents that were allegedly misleading as to the requirement to use the electronic payment system. Finally, Heartland opines that the electronic deposit regulations are themselves complex and difficult to understand. Viewing the evidence in the light most favorable to Heartland, as required under summary judgment, this Court finds such justifications do not amount to reasonable cause.

Heartland relies upon Dana Corp. v. United States, 764 F. Supp. 482 (N. D. Ohio 1991), for the argument that a failure to use the EFTPS was due to reasonable cause because of reliance on it comptroller, whom had previously made tax deposits via coupon at a federally authorized bank depository the during the tax periods in

---

presumably have the same meaning.") (internal citations omitted); Valen Mfg. Co. v. U.S., 90 F.3d 1190, 1193 n.1 (6th Cir. 1996) ("Although Boyle involved only a § 6651(a)(1) violation, the language of the 'reasonable cause' exceptions in §§ 6651(a)(2) and 6656 is identical and should be given the same construction.").

2000 with no penalties assessed by the IRS.  In <u>Dana Corp.</u>, a company was penalized pursuant to § 6656 for failing to timely deposit the proper amount of payroll taxes 11 times over a two year period from 1982-1983.  <u>Id.</u> at 484.  The reason for the companies failure to make timely deposits was due to its misinterpretation of the "safe harbor" provision for payroll tax deposits found in Treas. Reg. 31.6302(c)-1(a)(1)(i)(b)(1).  <u>Id.</u>  Prior to when the penalties were first assessed  the corporation had interpreted the provision to mean that "if [it] deposited 100% of its aggregate payroll taxes for one eighth-monthly period and 90% of its aggregate payroll taxes for the subsequent eighth-monthly period, [it] would not be liable for any penalties under § 6656 because it had deposited 95% of its payroll taxes over both periods." <u>Id.</u>  The IRS, on the other hand, interpreted the provision to mean that "a company is liable for penalties under § 6656(a) each time an eighth-monthly period deposit is less than 95% of the aggregate payroll taxes due for that period."  <u>Id.</u>  The court held that although the IRS was correct in its interpretation of the provision, the company was not liable for penalties under § 6656 because its failure to deposit the payroll taxes in the required amounts was due to reasonable cause and not willful neglect. <u>Id.</u> at 487-88.  In finding reasonable cause for the misinterpretation, the court noted that the company had a longstanding practice of staggering the percentages of payroll taxes due and that the IRS had never previously penalized them following audits despite occasionally not meeting the requirements of the safe harbor provision as the IRS interpreted them.  <u>Id.</u> at 488.

8

There exists a salient difference between the facts presented in Dana Corp and the case at bar–namely, the absence of any misinterpretation of the taxpayer's duties.  Here, Heartland does not contend that it understood Treas. Reg. § 31.6302-1(h) to mean it was not required to use the EFTPS.  Rather, Heartland only contends that its ignorance of the requirements was reasonable in light of an absence of IRS objection the previous tax periods.  Such argument is without merit.  When assessing whether the elements of reasonable cause are established the law imparts a legally significant distinction between a taxpayer's misinterpretation of its duties, on one hand, and a taxpayers ignorance as to its duties, on the other.[6]  See Univ. of Chicago v. U.S., 547 F.3d 773, 785 (7th Cir. 2008); Lieb v. U.S., 438 F. Supp. 1015, 1021 (D.C. Okl. 1977); Gilmore v. U.S., 443 F. Supp. 91, 98-99 (D.C. Md. 1977) (finding failure to file certain tax returns was due to reasonable cause where misunderstanding of the law under the circumstances, but adding "[m]erely forgetting to file a return is not reasonable cause, nor is ignorance of the law.") (internal quotations and citations omitted).

The court also finds that Heartland cannot establish reasonable cause by claiming reliance upon particular documents that were allegedly misleading on the requirement to use the electronic payment system.  Specifically, Heartland points to

---

[6] This is not to suggest that general allegations of a misinterpretation of a taxpayer's duties is sufficient in establishing reasonable cause.  The sufficiency of such claims must be reasonable and supported by the evidence.  Univ. of Chicago, 547 F.3d at 785.

an IRS Deposit Brochure (which allegedly contains permissive language regarding the use of the EFTPS)[7], the "Changes to Note" section of the 1999-2001 IRS Employment Tax Instructions for Form 941 (which does not mention the electronic filing requirement), and the actual instructions to Form 941 (which identifies electronic filing and depositing via coupon at an authorized bank as methods for depositing taxes).[8]  Notably, Heartland failed to identify any case where reasonable cause was found based upon a taxpayers reliance on these types of documents. Indeed, a cursory review of cases where the taxpayer established reasonable cause based upon reliance of the IRS reveal one common denominator–an act or omission by an actual IRS agent.  *See* Gilmore, 443 F. Supp. 91, 99-100; Koehnemann v.

---

[7]  Heartland points to the following language in the IRS Deposit Brochure:
>  Now there's an easier way to pay your Federal business taxes . . .. Now you can enroll in the most convenient tax payment service . . .. EFTPS is the most convenient way to pay . . .. Make a Call When You're Ready. . .. Want to Give it a Try? . . . Enroll Today!  Enjoy the convenience of making your tax payments. . ..

(Wyatt Aff. Ex. A).

[8]  The instructions read, in pertinent part:
>  If your net taxes [exceed a certain amount] for the quarter, you must deposit your tax liabilities at an authorized financial institution with Form 8109, Federal Tax Deposit Coupon, or by using the Electronic Federal Tax Payment System (EFTPS). See section 11 of the Circular E for information and rules concerning Federal Tax deposits.

(Wyatt Aff. Ex. B, C, D, and E).

10

U.S., 322 F. Supp. 1200,1204 (N.D. Ill. 1970); *see also* Chilingirian v. C.I.R., 918 F.2d 1251, 1254-55 (6th Cir. 1990); U.S. v. Red Stripe, Inc., 792 F. Supp. 1338, 1345 (S.D.N.Y. 1992).

Moreover, assuming for the sake of argument that unsolicited documents from the IRS are not per se unreasonable to rely upon, this Court finds none of the proffered documents provides reasonable cause in the case.  Nothing in the text of the documents states that taxpayers are not required to make deposits electronically if they meet the statutory prerequisites for doing so.  In fact, a reading of the instructions for Form 941 evinces the opposite conclusion.  In pertinent part, the instructions state "[s]ee section 11 of the Circular E for information and rules concerning Federal Tax Deposits." (Wyatt Aff. Ex. B, C, D, and E).  Both Circular E, which is an employers tax guide, and Treas. Reg. § 31.6302-1(h) clearly delineate when taxpayers are required to make deposits electronically.  Simply put, no reasonable taxpayer exercising ordinary business care and prudence would abstain from familiarizing themselves with the regulations and other published guidance in reliance upon the contents of the documents put forth in this case.

Finally, Heartland contends that the electronic deposit regulations are themselves complex and difficult to understand.  Whatever the merits of such an argument, it is merely a red herring under the circumstances.  It is undisputed that Heartland's comptroller did not read the relevant regulations or published guidance.

11

Furthermore, in his deposition, Heartland's comptroller states he would have understood the regulations had he read them.  Therefore, Heartland's failure to utilize the EFTPS stemmed not from confusion or misinterpretation of the applicable regulations, but rather from a lack of knowledge of them in the first instance.

The Court is not indifferent to Heartland's position; it failed to deposit certain payments electronically but nevertheless made the payments timely and in full. However, as articulated in <u>Fallu</u>, "[t]he increased efficiency of the EFTPS provides reasonable justification for requiring that certain deposits be made using the system, in service of the legitimate IRS objective of collecting taxes." 2008 WL 397912, *3. Moreover, "'[t]he Government has millions of taxpayers to monitor, and our system of self-assessment in the initial calculation of a tax simply cannot work on any basis other than one of strict filing standards." <u>Boyle</u>, 469 U.S. at 249, 105 S. Ct. at 691. The standards set forth in § 6656 do contain a narrow statutory exemption, however. The penalties must be abated when the taxpayer overcomes the heavy burden of proving the failure to use the electronic deposit method was due to reasonable cause and not willful neglect.  This Court finds that Heartland has failed to carry that burden.[9]

## III.   CONCLUSION

---

[9] Because the Court finds that Heartland cannot establish that non-compliance with § 6656 was due to reasonable cause, an analysis of willful neglect is unnecessary.

For the foregoing reasons, the Defendant's Motion for Summary Judgment is granted.

**SO ORDERED**, this the 27th day of May, 2009.

/s/ Hugh Lawson

**HUGH LAWSON, Judge**

wjc